UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY HARDY,

            Petitioner,            Case No. 1:07-cv-1169

v.                                     Honorable Richard Alan Enslen

WILLIE SMITH,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.        Factual Allegations

Petitioner Gregory Hardy presently is incarcerated with the Michigan Department of Corrections and housed at the Ionia Maximum Correctional Facility. He currently is serving a term of imprisonment of three-and-one-half to fifteen years, imposed by the Kalamazoo County Circuit Court on October 21, 1996, after Petitioner pleaded nolo contendere to one count of first-degree criminal sexual conduct involving a victim younger than thirteen, in violation of MICH. COMP. LAWS 750.520b(1)(a). Petitioner did not file a direct appeal of his conviction.

On November 24, 2004, Petitioner filed a motion for relief from judgment in the Kalamazoo County Circuit Court. The court denied the motion in an opinion and order issued June 24, 2005. (Pet., Ex. F.) Petitioner sought reconsideration, which was denied on March 22, 2006. (Pet., Ex. H.) Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, which was denied on January 31, 2007, for failure to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave on June 26, 2007, for the same reason cited by the court of appeals.

At some point, Petitioner filed a request for permission to file a second or successive motion for relief from judgment and a successive motion amendment, under MICH. CT. R. 6.502(G)(2) and 6.502(F). That motion was denied by the circuit court on November 2, 2007.

Petitioner filed an application for habeas review on November 19, 2007, challenging the validity of his plea and the effectiveness of his defense counsel (docket #1). On January 11, 2008, this Court ordered Petitioner to file his petition on the form required by the Court (docket #3),

in accordance with Rule 2, RULES GOVERNING § 2254 CASES, W.D. MICH. LCIVR 5.6(a). In response to the order, Petitioner filed an amended petition on the form on January 29, 2008.[1]

## II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] On that same date, Petitioner filed a motion to amend his petition, seeking to add a challenge to the denial of his parole. The parole denial constitutes a separate decision of a different state entity than that from which Petitioner initially sought review. Under Rule 2(e) of the Rules Governing § 2254 Cases, a petitioner who seeks relief from different judgments of the state courts must file a separate petition covering the judgment or judgments of each. As a consequence, any challenge to petitioner's parole decisions or the accuracy of parole records must be addressed by way of a separate habeas petition. The motion to amend therefore should be denied.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner did not file a direct appeal of his conviction. The one-year limitations period, therefore, began to run at the expiration of the time for seeking review in the Michigan Court of Appeals. *Id.* Under Michigan law, a defendant has twelve months from the date of entry of the order or judgment being appealed from in which to file a delayed application for leave to appeal. *See* MICH. CT. R. 7.205(F)(3). The time for filing a delayed application for leave to appeal therefore expired twelve months after the date of sentence, on October 21, 1997.

Petitioner had one year from October 21, 1997, in which to file his habeas application. Petitioner filed in this Court on November 19, 2007. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not

"revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in the 1997, his motion for relief from judgment filed in 2004 does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain

period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 510.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that Petitioner's motion to amend (docket #6) be denied.  I further recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  Finally, I recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  March 27, 2008               /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).