UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

       Petitioner,

  v.

WILLIE SMITH,

       Respondent.
_____/

Case No. 1:07-CV-1169

Hon. Richard Alan Enslen

**FINAL ORDER**

      This matter is before the Court on Petitioner Gregory Hardy's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of March 27, 2008, which recommended dismissal of Petitioner's Petition for Writ of Habeas Corpus as untimely pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based on the evidence of record, the Court discerns no reason for oral argument. The Court reviews the Objections, the Report and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C). Upon such review, the Court determines that the Report should be adopted and the Objections denied for the reasons set forth in the Report.

      Petitioner objects that his habeas corpus petition is not time-barred. A petitioner seeking habeas relief must comply with the one-year statute of limitation provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). In most cases—including this case—§ 2244(d)(1)(A) provides the operative date from which the one-year limitation period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under this provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review." § 2244(d)(1)(A).  In this case, Petitioner had one year from October 21, 1997 to file his habeas petition, absent tolling.  Petitioner failed to file for any state or federal relief until he filed a state motion for relief from judgment in 2004.  Petitioner did not file his habeas petition until November 19, 2007.  Thus, he is clearly time-barred.

Petitioner also objects to the Report's conclusion that equitable tolling is not justified. Petitioner sets forth numerous excuses concerning why he did not file earlier in *2007*.  "Petitioner has been detained in punitive segregation since 02/13/2007 . . . .  Petitioner is also stricken with Severe Carpal Tunnel Syndrome . . . .  This court should also be aware that he has mental disabilities of Schizophrenia, Depression, Bi-polar and Personality Disorders . . . ."  (Obj. 2.)  Even though Petitioner is untrained in the law and has not been represented by counsel throughout the appellate process, equitable tolling is granted sparingly.  *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).  The burden of establishing equitable tolling is on the petitioner.  *Id.*  To benefit from equitable tolling, a petitioner must show that:  1) he was diligently pursuing his rights; and 2) some extraordinary circumstances stood in the way of his timely compliance.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988).  The Report correctly found that Petitioner was not diligently pursuing his rights or that some extraordinary circumstance stood in the way of timely compliance.  Petitioner's self-proclaimed disabilities have no relevance as to why he failed to file his habeas petition ten years ago.  Accordingly, Petitioner has not met his burden of showing that he is entitled to equitable tolling.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined).

Under the statute and the Supreme Court's determinations in *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.  Upon review of the issues raised, the Court determines that this standard is not met as to any of the grounds for relief asserted in the Petition for Writ of Habeas Corpus because of the strong procedural reason (statue of limitations) for denying relief and because of the delay in the filing of the Petition.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Gregory Hardy's Objections (Dkt. No. 10) are **DENIED**, the Report and Recommendation (Dkt. No. 9) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>        April 16, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |